[Sac. No. 1035. Department One.—March 7, 1904.]

J. GOLDMAN et al., Appellants, v. CHRIS FLOTER, Respondent.

ATTACHMENT—MOTION TO DISSOLVE—RECORD—ABSENCE OF EVIDENCE.— Though the complaint and affidavit for attachment constitute the record which may be considered without proof upon a motion to dissolve an attachment, yet when the motion is not addressed to any defect appearing upon the face of the complaint or affidavit, but upon matters appearing outside thereof, the moving party must introduce evidence in proof of these facts; otherwise, his motion should be denied.

ID.—PREVIOUS ORAL ADMISSION—DENIAL OF MOTION—MOTION TO VACATE AND DISSOLVE.—An oral admission of matter of evidence made upon a previous motion to dissolve the attachment, which was denied, was made only for the purpose of that motion, and cannot dispense with evidence of the facts upon a subsequent motion to vacate the order denying the motion and to dissolve the attachment.

APPEAL from orders of the Superior Court of Tulare County vacating a previous order denying a motion to dissolve an attachment and dissolving the attachment. W. B. Wallace, Judge.

The facts are stated in the opinion of the court.

C. L. Russell, for Appellants.

Roth & McFadzean, and Charles G. Lamberson, for Respondent.

SHAW, J.—The plaintiffs having begun an action upon a promissory note, and procured a writ of attachment to be issued therein, the defendant, on September 6, 1901, moved the court to dissolve the attachment in pursuance of a notice of motion which is set forth in the transcript. The court thereupon denied the motion. Thereafter, on November 4, 1901, in pursuance of notices theretofore given, the defendant moved the court to vacate the former order denying the motion to dissolve the attachment, and renewed the motion to dissolve the attachment, and by an order made on November 11th the court granted the motion to vacate the former order refusing to dissolve the attachment, and granted the original motion to dissolve the attachment. From the order made on the 11th of November the plaintiffs appeal. The bill of exceptions with respect to the motion made on November 4th and granted on November 11th contains the following statement: "And in support of said motion to set aside said former order, and in renewal of said motion to dissolve said attachment, said defendant offered no evidence."

The appellants assume in their argument that upon a motion of this character nothing can be considered by the court unless it is formally offered in evidence. This is true, except with respect to the record culminating in the issue of the writ itself, consisting of the complaint and the affidavit of attachment. The complaint and affidavit constitute the record upon which the writ is based, and on any motion attacking the attachment they constitute part of the record, of which the court must take notice, and need not be formally introduced in evidence. The transcript should have set forth the complaint and affidavit in full.

This, however, is rendered immaterial by the fact that the parties do not dispute the nature or character of the complaint and affidavit, and by the further fact that the notice of the motion upon which the order dissolving the attachment

was based itself describes the complaint and affidavit, and shows clearly that the motion was not based upon any defect appearing upon the face of the complaint or affidavit, but upon matters appearing outside thereof. It is stated in the notice that the motion would be made upon the ground that the affidavit in attachment falsely stated that the notes sued upon had not been secured by any mortgage, lien, or pledge, and that it failed to state that said notes were originally se-cured by chattel mortgages, and that the security had become valueless without any act of the plaintiff; whereas, in truth and in fact, the notes sued upon had been secured by two chattel mortgages, duly recorded in the office of the recorder of said county, and that neither the complaint nor the affidavit in attachment in any way alluded to or mentioned the said mortgages. Upon the first hearing of the motion, on September 6th, there was an admission made by the plaintiffs to the effect that the notes had been originally secured by the mortgages mentioned in the notice, but that the property mortgaged had been, before the commencement of the action, sold by order of the mortgagor, and the proceeds applied in part payment of the note, as by him directed, and that the balance sued upon was, at the time the action was commenced, in no way secured. The defendant's contention was, that, if an attachment could be issued under these circumstances, the facts must all be stated in the affidavit in attachment, and that, if the affidavit falsely stated that the notes had not been secured, the court must, upon the facts appearing and upon a proper motion made in that behalf, dissolve the attachment. The case of *Fisk* v. *French,* 114 Cal. 400, seems to support this contention, although the point was to some extent *obiter dictum.*

Conceding that *Fisk* v. *French,* 114 Cal. 400, correctly states the law, we are still of the opinion that, upon the re-newal in November of the original motion to dissolve the attachment, the court should again have heard evidence of the matters appearing outside of the record. This is made more manifest by the fact that the judge who heard the sec-ond motion was not the same person as the one who heard the first motion. The admission made upon the hearing of the first motion does not appear to have been a written stipula-tion which was on file, but a mere oral admission made by

the parties for the purpose of that particular motion. The matters relied upon to dissolve the attachment did not appear upon the face of the record, and it was necessary for the moving party, the defendant, to introduce evidence in proof of those facts; otherwise, his motion should have been denied. It is clear from the statements in the notice of motion, and it is conceded upon the argument, that the complaint and affidavit in attachment upon their face were sufficient to uphold the writ. The defendant having failed to introduce any evidence in support of his motion and in relation to the matters *dehors* the record upon which he depended to sustain his motion, there was nothing for the court to do but to deny it. The court, therefore, erred in granting the motion upon grounds which were not supported by any evidence, and for this reason the order dissolving the attachment must be reversed. The same principles apply to the appeal from the part of the order of November 11th, vacating the previous order refusing to dissolve the attachment. That motion must necessarily have been based upon matters outside of the record, which should have been presented to the court, and may have consisted either of the affidavit filed with the notice, or of evidence of some character in support of the grounds upon which the motion was based. In any such case the court must receive evidence sufficient to prove the facts before it can properly make an order granting the motion.

The orders appealed from are reversed and the cause remanded.

Angellotti, J., and Van Dyke, J., concurred.