[Civ. No. 1327.  First Appellate District.—March 7, 1914.]

## SINSHEIMER BROS (a Corporation), Appellant, v. JOHN KELSHAW et al., Respondents.

MORTGAGE OF CROP—TRANSACTION BETWEEN MORTGAGOR AND MORTGAGEE WHETHER FRAUDULENT AS TO CREDITORS OF MORTGAGOR.—In this action wherein an attaching creditor of a mortgagor of a crop of beans attacks as fraudulent an assignment by the mortgagor to the mortgagee of his interest in the crop in consideration of the mortgagor releasing a mortgage on personal property of the wife of the mortgagor, and also paying the expenses of pending litigation involving the mortgage, the evidence is sufficient to sustain the finding of the trial court that the assignment was not made with intent to defraud the attaching creditor, and that it was supported by a sufficient consideration.

APPEAL from an order of the Superior Court of San Luis Obispo County refusing a new trial.  E. P. Unangst, Judge.

The facts are stated in the opinion of the court.

C. P. Kaetzel, for Appellant.

C. U. Armstrong, and Paul M. Gregg, for Respondents.

KERRIGAN, J.—Judgment in this case went for defendant A. J. Sousa against the plaintiff.  Thereafter plaintiff's motion for a new trial was denied, and from such order it now prosecutes this appeal.

In May, 1906, Frank G. Lucas, as security for the payment of a promissory note, gave to A. J. Souza a mortgage on his crop of beans, and at the same time his wife, Emilia Lucas, as further security for the same note, executed to Souza a chattel mortgage on certain horses, farming implements, and other personal property, being her separate property acquired from her former husband, then deceased.

In November, 1906, the plaintiff recovered a judgment against Frank G. Lucas, which was regularly entered and docketed.  Disputing the validity of the crop mortgage held by Souza, it caused the sheriff to take the crop by virtue of a writ of attachment directed against the property of Lucas,

whereupon Souza brought suit to foreclose said mortgage, under which action the beans were placed in the hands of defendant Kelshaw as receiver.   In attaching the crop of beans the plaintiff did not pay or tender to the mortgagee the amount of the mortgage and interest, or deposit the amount thereof with the county clerk or treasurer, as provided by section 2969 of the Civil Code, and the trial court therefore found the attachment proceeding to be illegal.   It also held that the chattel mortgage was made in good faith.   Accordingly a decree was entered, directing that the beans be sold to satisfy the mortgage.   This judgment was affirmed first by the district court of appeal, and subsequently by the supreme court. (*Sousa* v. *Lucas,* 156 Cal. 460, [105 Pac. 413].)   Within a month after the district court of appeal had decided the cause, and nearly ten months before the judgment therein was affirmed by the supreme court, to wit, on January 20, 1909, Lucas executed an assignment to Souza of all his interest in said crop of beans, the consideration being that Souza would release the chattel mortgage on the personal property of Mrs. Lucas, and would look solely to the crop of beans for the satisfaction of Lucas's indebtedness to him, and would also pay all costs and expenses growing out of the litigation concerning the chattel mortgage, whether covered by the judgment of foreclosure or not.   Shortly thereafter and long prior to the time when the garnishment in the present case was levied, Souza gave the receiver notice of the assignment.

In March, 1909, by stipulation of the parties the beans were sold, and they brought something in excess of five hundred dollars more than was necessary to satisfy the judgment in favor of Souza.   Plaintiff claims that this sum should be applied on account of its judgment.   Defendant Souza, on the other hand, insists that such excess belongs to him by virtue of the assignment.

As stated by counsel for the plaintiff, the only question involved in the case is the validity of the assignment.   It is plaintiff's contention that the assignment was made with intent to defraud it and prevent it from satisfying any part of its judgment against Lucas; also that it was made without any consideration, and is therefore void.

While, as we have seen, the beans brought over five hundred dollars more than the sum necessary to satisfy the judgment

of foreclosure, it was by no means certain at the time the assignment was made that, when the beans should be sold the market value would be as high as it ultimately proved to be, for at several periods during the pendency of the action the market value of this product was so low that had the beans been sold at any of such times the amount realized would not have been sufficient to satisfy the Souza judgment. Not only was the profit, if any, which Souza might make on a sale of the beans uncertain, but there was also a doubt as to the result of the litigation concerning the crop, which was at that time pending in the supreme court. In addition to those matters Souza, as agreed, released the chattel mortgage on the separate personal property of Mrs. Lucas, and undertook to, and did pay all the expenses of the litigation, a very substantial portion of which was not taxable as costs of suit.

We think it sufficiently appears from this brief resumé of the facts, that it cannot correctly be said that there is no evidence to sustain the findings of the court in favor of the validity of the assignment.

The order is affirmed.

Lennon, P. J., and Richards, J., concurred.