[Civ. No. 18105.   Second Dist., Div. Two.   Dec. 20, 1950.]

FRANCES KUZMICKI, Respondent, v. CHARLES NELSON et al., Defendants; CHARLES NELSON SPECIALTIES CO., INC., Appellant.

Jacob Chaitkin for Appellant.

A. J. Blackman for Respondent.

MOORE, P. J.—Appellant, Charles Nelson Specialities Co., Inc., demands a reversal of an order denying its motion to vacate a writ of attachment theretofore levied. The grounds for its motion were (1) the insufficiency of the affidavit; (2) plaintiff has no cause of action upon contract against appellant.

CHRONOLOGY

On July 13, 1949, respondent filed her complaint against "Charles Nelson, individually and doing business under the fictitious firm name and style of Nelson Specialties of California and John Doe," alleging indebtedness for "money had and received." On the same day she filed her amended complaint against the same defendants with the additional allegations of the assignment of the claim to her by Sonelco, a corporation, and her ownership thereof. On August 23 Nelson and others incorporated appellant. September 20 respondent filed her second amended complaint adding appellant as a defendant, along with Doe One, Doe Two, Doe Three, Doe Four and Doe Five. She therein alleged that Charles Nelson and the five Does are partners of Charles Nelson doing business under the fictitious firm name and style of Nelson Specialties of California and that they had become indebted to Sonelco for money had and received and in a second count that at the time Nelson and the partnership became indebted to Sonelco, Nelson "and said partnership owned certain valuable contracts . . . with certain general contractors," and that about September 1, 1949, with the intention of placing them beyond the reach

of his creditors, Nelson, without consideration, assigned the contracts to appellant, a "newly formed" corporation of which Nelson is president and holder of one half of its issued stock; that appellant received such assignment with knowledge of Nelson's fraudulent intent and thereby rendered Nelson and his partnership insolvent.

On January 17, 1950, respondent amended her last pleading by substituting for Doe One, the name of appellant which she had discovered to be the true name of Doe One. At the same time she sued out a third alias writ of attachment and filed with the clerk her "Statement to Clerk" in which she declared her intention to instruct the sheriff to levy upon the account receivable of appellant with American Seating Company in Los Angeles. Two days later appellant filed its Notice of Motion to Vacate the attachment accompanied by the affidavit of its attorney averring the date of appellant's incorporation, the amendment to the second amended complaint substituting appellant for "Doe One," a defendant named in the last mentioned pleading notwithstanding the fact that appellant had been designated as a defendant in such pleading.

The writ should have been vacated. Title of property fraudulently transferred continues to be vested in the purported transferor in so far as the rights of the latter's creditors are concerned. ■ A creditor holding a matured claim may disregard a fraudulent conveyance and levy upon the property conveyed as belonging to the original debtor. (Civ. Code, § 3439.09; *First National Bank* v. *Maxwell,* 123 Cal. 360, 371 [55 P. 980, 69 Am.St.Rep. 64]; *Della* v. *Home Bank of Porterville,* 105 Cal.App. 106, 109 [286 P. 1064]; 37 C.J.S., p. 1138, §§ 307, 309.) ■ The transferee of a debtor's property is not liable to the latter's creditor on any account except in the event the transferee should dispose of the things conveyed to him. (*Pedro* v. *Soares,* 18 Cal.App.2d 600, 604 [64 P.2d 776].) By the proceeding resorted to, the debt of the garnishee is practically determined to be due appellant instead of to Nelson. Thus by the *ipse dixit* of respondent in making appellant a defendant the corporation was forestalled of protecting its rights.

Nelson had become indebted to Sonelco for moneys had and received long prior to the filing of the action. Respondent alleges that Nelson transferred his contracts to appellant, his own "newly formed" corporation, without consideration. She argues that she "had a right to disregard the conveyance

and attach the property conveyed (Civ. Code, § 3439.09) . . . in contemplation of law title remained in the fraudulent transferor.'' She concluded, however, that the law had been satisfied by directing the writ to be levied upon ''all property of such defendants.''

The law that a creditor may sue the recipient of property fraudulently transferred to him does not entitle a creditor to attach the chattel or chose in action so conveyed as the property of the transferee. *Pedro* v. *Soares, supra,* cited by respondent, is not authority for such procedure. The plaintiffs in that action with an established claim against Soares sued the defendants alleging (1) that they had conspired to cheat him; (2) that defendant Goncalves held a fund resulting from the sale of cattle which had been mortgaged by Soares to Pedro and fraudulently transferred to Goncalves. The court there held that ''the attempted sale must be treated as though it had never taken place . . .'' (See 37 C.J.S., p. 1138, § 307; p. 1141, § 309.) The *ex parte* amendment of the pleading alleging that the corporation had theretofore been designated Doe One and averring that it was indebted to Sonelco in the amount the original complaint claimed was due her from Nelson is a feeble attempt to achieve by fiction what should be attempted only by legal logic. Appellant became incorporated months after the debt to Sonelco matured. Therefore, it is impossible for it to have become a debtor of Sonelco for moneys had and received, except by an affirmative assumption of Nelson's debt which does not appear. (*Yosemite Growers Co-op. Assn.* v. *Case-Swayne Co.,* 73 Cal.App.2d 806, 810 [167 P.2d 541].)

Respondent contends that the affidavit for attachment is the sole basis for the writ and that no other document need be consulted in determining the validity thereof. This is not wholly correct. It is true that the affidavit determines the amount for which the attachment is to be levied. This is all that is held in *Baldwin* v. *Napa & Sonoma Wine Co.,* 137 Cal. 646 [70 P. 732], cited by respondent. But in testing the basic facts of the plaintiff's claim, the court cannot avoid a scrutiny of the pleadings filed.

Order reversed.

McComb, J., and Wilson, J., concurred.