[No. 13896.  In Bank. — August 27, 1891.]

N. W. GOW, Appellant. v. H. B. MARSHALL et al.,
RESPONDENTS.

Attachment — Strict Pursuance of Statute. — Attachment proceedings are special and statutory, and the provisions of the statute must be strictly followed, or no rights will be acquired thereunder.

Id. — Garnishment — "Credits" not Inclusive of "Debts." — A garnishment of "certain *credits* belonging to the defendant," which a corporation has in its possession or under its control, is not an attachment of a *debt* due from the corporation to the defendant, within the meaning of sections 542–546 of the Code of Civil Procedure, and the attaching creditor acquires no lien upon or right to such debt by the service of the writ.

Id. — Distinction of "Debts" from "Credits" — Definition — Construction of Code. — "Debts" and "credits" are separate and distinct things, within the meaning of the Code of Civil Procedure relating to attachments. A "debt" is money owing by the garnishee to the defendant which may be paid over to the sheriff, while credits are something belonging to the defendant, but in the possession and under the control of the garnishee, such as promissory notes or other evidences of indebtedness of third parties, which may be delivered up or transferred to the sheriff.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion.

*Enoch Pepper*, and *Wells, Guthrie & Lee*, for Appellant.

*Albert M. Stephens*, for Respondents.

BELCHER, C. — This is an action by an attaching creditor against a garnishee, based on section 720 of the Code of Civil Procedure.

It is alleged in the complaint that on the thirteenth day of March, 1888, the plaintiff, N. W. Gow, commenced an action against H. B. Marshall to recover the sum of $1,686.78 for work and labor performed and money paid; that a summons was duly issued and served on the defendant; that a writ of attachment was also duly issued and delivered to the sheriff of the county,

and the plaintiff then gave to the sheriff information in writing that the Centinela-Inglewood Land Company, a corporation, "had in its possession or under its control certain credits belonging to the defendant"; that the sheriff served the writ upon the said corporation by delivering to its president a copy thereof, "together with a notice that said credits were attached under and in pursuance of said writ," and that no reply to the notice was made; that thereafter such proceedings were had in the action that on the 29th of March, 1888, judgment "was duly rendered and entered" therein, in favor of the plaintiff and against the defendant, for the sum prayed for and costs, making in all the sum of $1,705.53; that thereafter the corporation, by an order of the court, was required to, and did by its president, attend before the court to be examined, and the president was then and there examined respecting the property in its possession, and credits and other personal property belonging to the defendant; that upon such examination the president denied that anything was due from the company to the defendant, and thereupon the court made an order permitting the plaintiff to institute a suit against the corporation garnishee for the recovery of such interest or debt due the defendant Marshall, and in the mean time forbid a transfer or other disposition of such interest or debt until such action could be commenced and prosecuted.

It is then further alleged that the Centinela-Inglewood Land Company was, and still is, a corporation duly organized and doing business under the laws of this state, and that at the time the writ of attachment was served upon it it was, and still is, indebted to the defendant Marshall in the sum of $1,976.70; and that by virtue of the proceedings in attachment the plaintiff had become subrogated to the rights of Marshall against the corporation to the extent of his said judgment.

Whereupon judgment was asked against the Centinela-

Inglewood Land Company for the sum of $1,705.53 and costs of suit.

The defendant corporation demurred to the complaint, and its demurrer was overruled. It then answered, denying that it was indebted to Marshall in the sum alleged in the complaint, or in any sum whatever, and denying that by virtue of the proceedings in attachment set out the plaintiff became subrogated to the rights of Marshall, or to any rights of any kind or nature, or to any sum of money whatever.

The case was tried, and the court found that the defendant corporation was indebted to Marshall in the sum of $553, and no more, at the time the writ of attachment was served upon it, and was still so indebted.

It further found as follows: —

"That the plaintiff has not, by virtue of the proceedings in attachment set out in the complaint on file herein, or in any other manner, become subrogated to the rights of the defendant Marshall to the extent of the said claim of plaintiff against the said Marshall, to wit, in the sum of one thousand seven hundred and five and fifty-three one-hundredths dollars, or to any sum or amount whatever, or has become subrogated to the rights of said Marshall to any extent, by virtue of said proceedings or otherwise "; and as a conclusion of law, that the defendant Centinela-Inglewood Land Company was entitled to judgment for its costs.

Judgment was accordingly so entered, and from that judgment the plaintiff appeals on the judgment roll.

It is well settled that proceedings by attachment are statutory and special, and the provisions of the statute must be strictly followed, or no rights will be acquired thereunder. (*Roberts* v. *Sandecker*, 9 Cal. 262; *Hisler* v. *Carr*, 34 Cal. 641; Wade on Attachment, sec. 333.)

The Code of Civil Procedure provides: —

" Debts and credits, and other personal property, not capable of manual delivery, must be attached by leaving

with the person owing such debts, or having in his possession, or under his control, such credits and other personal property, . . . . a copy of the writ, and a notice that the debts owing by him to the defendant, or the credits and other personal property in his possession, or under his control, belonging to the defendant, are attached in pursuance of such writ." (Sec. 542, subd. 5.)

"Upon receiving information in writing from the plaintiff or his attorney, that any person has in his possession, or under his control, any credits or other personal property belonging to the defendant, or is owing any debt to the defendant, the sheriff must serve upon such person a copy of the writ, and a notice that such credits, or other property or debts, as the case may be, are attached in pursuance of such writ." (Sec. 543.)

"All persons having in their possession, or under their control, any credits or other personal property belonging to the defendant, or owing any debts to the defendant, at the time of the service upon them of a copy of the writ· and notice, . . . . shall be, unless such property be delivered up or transferred, or such debts be paid to the sheriff, liable to the plaintiff for the amount of such credits, property, or debts," etc. (Sec. 544.)

"Any person owing debts to the defendant, or having in his possession, or under his control, any credits or other personal property belonging to the defendant, may be required to attend before the court." (Sec. 545.)

"The sheriff must make a full inventory of the property attached, and return the same with the writ. To enable him to make such return as to debts and credits attached, he must request, at the time of service, the party owing the debt or having the credit to give him a memorandum, stating the amount and description of each," etc. (Sec. 546.)

It is evident that by these provisions debts and credits are treated as separate and distinct things. A debt is money owing by the garnishee to the defendant which

may be paid over to the sheriff, while credits are something belonging to the defendant, but in the possession and under the control of the garnishee, like promissory notes or other evidences of indebtedness of third parties, which may be delivered up or transferred to the sheriff. (*Robinson* v. *Tevis*, 38 Cal. 614.)

It appears from the complaint that the only attachment in this case was of "certain credits belonging to the defendant" which the Centin.la-Inglewood Land Company had in its possession or under its control. This was not an attachment of the debt due from the company to the defendant, and the plaintiff therefore acquired no lien upon or right to such debt by the service of his writ.

This being so, it is clear that the action cannot be maintained. Other points are discussed by counsel, but they need not be considered.

In our opinion, the proper judgment was entered in the court below, and we advise that it be affirmed.

VANCLIEF, C., and FITZGERALD, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.

Rehearing denied.