[No. 15811. Department One.—September 28, 1896.]

ASA FISK, Appellant, *v.* J. B. FRENCH, Respondent.

Attachment — Security of Debt — False Affidavit — Security Rendered Valueless—Amended Complaint — Dissolution of Attachment.—An affidavit for attachment must truly state what the statute requires to be stated, nor can a false or defective statement in the affidavit be supplied by an amendment of the complaint; and where the affidavit falsely states that the debt has not been secured by any mortgage, lien, or pledge of personal property, and *does not state that security* had been given, and that it had become valueless, an amended complaint setting forth an assignment of stock as security for the debt, and that the stock had been sold pursuant to a power conferred, and the proceeds applied to the debt, cannot supply the place of an affidavit stating the facts, and the attachment is properly discharged.

Appeal from an order of the Superior Court of the City and County of San Francisco, discharging an attachment. Eugene R. Garber, Judge.

The facts are stated in the opinion.

*Daniel Titus*, and *P. L. Benjamin*, for Appellant.

*Knight & Heggerty*, for Respondent.

Vanclief, J.—Appeal from an order discharging an attachment in an action on four promissory notes—the

first for $30, dated December 5, 1891; the second for $40, dated March 25, 1892; the third for $100, dated April 12, 1892; and the fourth for $238.58, dated No- vember 17, 1892—the first and last two drawing com- pound interest at the rate of three per cent per month and the second like interest at rate of two and a half per cent per month. Neither the substance nor legal effect of any one of the notes was stated in the body of the complaint, but a copy of each note was at- tached to the complaint and therein referred to as an exhibit. Immediately under the note of November 18, 1892, for $238.58, was written an assignment by defend- ant to plaintiff of one hundred shares of "Belcher Min- ing Stock," "as collateral security for the payment" of the last-mentioned note, and an authorization of plain- tiff to sell the stock at public or private sale, with or without notice, in case of default in payment of princi- pal or interest of that note, and to apply the net pro- ceeds of the sale to the payment of the last-mentioned note, and the surplus, if any, to the payment of any other obligations of defendant to plaintiff which might be held by the latter at the time of such sale.

The following is a copy of the affidavit for attach- ment:

"STATE OF CALIFORNIA,    }  *ss.*
"City and County of San Francisco.}

"Asa Fisk, being duly sworn, says: That he is the plaintiff in the above-entitled action; that the defend- ant, J. B. French, in the said action is indebted to the plaintiff in the sum of three hundred and seventy-six and $\frac{33}{100}$ dollars, gold coin of the United States, over and above all legal setoffs and counterclaims, upon an express contracts, for the direct payment of money, to wit, four promissory notes, and that such contracts were made and are payable in this state, and that the payment of the same has not been secured by any mortgage or lien upon real or personal property, or any pledge upon personal property.

"That the said attachment is not sought, and the said

action is not prosecuted to hinder, delay, or defraud any creditor or creditors of the said defendant.

"Asa Fisk."

After the writ of attachment had been issued and levied, defendant moved, on the complaint, affidavit for attachment, and other papers on file, to discharge the attachment, upon the ground that the affidavit, upon which the attachment was issued, is false in the statement therein that the payment of the notes had not been secured by any mortgage, lien, or pledge upon personal property; and is otherwise insufficient in that it does not state that the collateral security appearing on the face of the complaint had become valueless without any act of the plaintiff, nor even allude to that security.

When the motion to discharge the attachment came on to be heard, the plaintiff, by leave of the court, amended the fourth count of his complaint (founded on the note dated November 17, 1892), by substituting for the second paragraph thereof the following:

"2. That plaintiff has ever since been, and now is, the owner and holder of the said note. That to secure the payment of the said sum of $238.58, and the interest thereon according to the terms of said promissory note, the said defendant did, on the seventeenth day of November, 1892, assign and transfer to said plaintiff one hundred shares of the capital stock of the Belcher Mining Company, with full power and authority in said plaintiff to sell the stock at any time after the note became due, without notice to said defendant, at public or private sale at plaintiff's option, and to apply the net proceeds of the said sale of said stock to the payment of the said principal sum and the interest thereon according to the terms of the note. That after the said principal sum and interest became due, and on, to wit, the seventeenth day of February, 1893, the said plaintiff, under the said authority and power, sold the said capital stock so pledged to him as aforesaid by said defendant, and realized from the said sale the sum of

$74 net; and the said plaintiff applied the sum of $74 in payment of the interest then due, amounting to $14.62, and the balance thereof, amounting to $59.38, on said principal.

"That the interest has been paid on the said note to February 17, 1893, and the sum of $59.38 has been paid on account of the principal of the said note, and that no other payments have been made on the said note, and the sum of $179.20 of the principal of said note, together with the interest thereon from the seventeenth day of February, 1893, is now due, owing, and unpaid by defendant to plaintiff."

I think the court did not err in discharging the attachment. The amendment of the complaint did not supply or cure the defects in the affidavit for the attachment; but, on the contrary, incontestably proved that it was false in the material statement that the payment of the notes had not been secured by any mortgage, lien, or pledge upon personal property, and that it was fatally deficient in that it failed to state that the security had become valueless. What the statute requires to be stated in the affidavit must be stated, and *truly* stated, *in the affidavit;* and, if not stated *in* the affidavit, the attachment should be dissolved, even though the requisite facts, omitted in the affidavit, are alleged in the complaint. Complaints on contracts for the direct payment of money generally and necessarily state nearly all the facts required to be stated in an affidavit for attachment in actions on such contracts; yet the statement of such facts in the complaint alone does not satisfy the requirement of the statute that they must be expressly and directly stated in the affidavit for an attachment. The case of *Hathaway* v. *Davis*, 33 Cal. 168, has no bearing on the question under consideration. In that case there was no pretense that the affidavit was defective in any respect.

If the views above expressed are correct, it is unnecessary to consider the other questions argued by counsel.

I think the order should be affirmed.

Searls, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the order is affirmed..

Harrison, J., Van Fleet, J., Garoutte, J.