[L. A. No. 2157. In Bank.—November 18, 1909.]

## A. J. SOUSA, Respondent, v. FRANK G. LUCAS et al., Appellants.

CHATTEL MORTGAGE OF GROWING CROP—POSSESSION TAKEN BY SHERIFF UNDER ILLEGAL ATTACHMENT—FORECLOSURE BY MORTGAGEE—PLEADING.—A mortgagee, under a chattel mortgage given upon a growing crop, which after it was gathered and while on the ground was taken into his possession by the sheriff under an illegal attachment proceeding against the mortgagor, may maintain an action to enforce the lien of the mortgage on the property so taken. The complaint in such action which seeks a mere foreclosure and does not seek to recover from the sheriff as for a conversion, does not state two causes of action.

ID.—TORTIOUS REMOVAL OF CROP.—The tortious removal of the growing crop from the premises did not impair the mortgagee's right of foreclosure.

ID.—ATTACHMENT PROCEEDINGS MUST BE STRICTLY FOLLOWED.—Proceedings by attachment are statutory and special, and the provisions of the statute must be strictly followed or no rights will be acquired thereon.

ID.—ATTACHMENT OF MORTGAGED PERSONAL PROPERTY—PAYMENT OR TENDER OF MORTGAGE DEBT ESSENTIAL TO LIEN.—Under sections 2968 and 2969 of the Civil Code, personal property subject to a

valid recorded chattel mortgage, cannot be taken under attachment at the instance of a creditor of the mortgagor, without payment or tender to the mortgagee of the amount of the mortgage debt and interest, or deposit of the amount thereof with the county clerk or treasurer, payable to the order of the mortgagee. An attempted attachment, without such payment, tender, or deposit, does not create any lien in favor of the attaching creditor, and is, as against the mortgagee, a conversion of the property upon the part of the sheriff.

Id.—Signing of Note by Surety after Execution of Mortgage.— Neither the lien of a mortgage, nor the right of the mortgagee in seeking relief ·by foreclosure to proceed only against the maker of the mortgage note and the property covered by the mortgage, is affected or impaired by the signing of the note by a surety, without consideration, after the execution of the mortgage.

APPEAL from a judgment of the Superior Court of San Luis Obispo County and from an order refusing a new trial. E. P. Unangst, Judge.

The facts are stated in the opinion of the court.

R. V. Bouldin, and C. P. Kaetzel, for Appellants.

C. U. Armstrong, and Paul M. Gregg, for Respondent.

SLOSS, J.—The appeal in this case was first considered by the district court of appeal in and for the second appellate district, and the judgment and order appealed from were there affirmed, upon the grounds stated in the following opinion:—

"Appeal by defendants Sinsheimer Bros. and McFadden from a judgment in favor of plaintiff, and from an order denying a new trial.

"The complaint was one for the foreclosure of a chattel mortgage theretofore given upon a growing crop of hay, barley and beans by defendant Lucas to plaintiff as security for a note of six hundred dollars and such other sums of money as might thereafter be loaned or advanced, or merchandise sold to or for account of said mortgagor during the continuance of the mortgage, not to exceed one thousand dollars exclusive of the amount mentioned in the promissory note. The complaint alleges facts showing the due execution of the mortgage, the affidavit required by statute, and its recorda-

tion. Further, that a part of the growing crop, to wit: the beans, while on the premises where grown, were seized by defendant McFadden as sheriff in a certain attachment proceeding instituted against Lucas by Sinsheimer Bros., and the beans which had been thrashed and upon the ground were seized by the sheriff without tender to the mortgagee of the amount of the mortgage, or by deposit with the county clerk or treasurer of the amount as provided by section 2969 of the Civil Code. It is further alleged that defendants Sinsheimer Bros. and McFadden still retain possession of said beans and claim some interest in said mortgaged property under such attachment, which claim is subsequent and subordinate to plaintiff's claim under the mortgage. It is alleged that certain advances, aggregating $372.73, have been made by plaintiff to Lucas under the terms of said mortgage, and that the note and the advances remain unpaid. The usual prayer for relief is found.

"Defendant demurred to the complaint generally and because of a misjoinder of causes of action, which demurrer was overruled. The defendants who appeal filed a joint answer denying specifically most of the allegations of the complaint; admitting, however, the seizure of the crop of beans under the writ and that they claim an interest therein, but allege that the same is superior in right to the mortgage.

"The court found all of the allegations of the complaint to be true, except as to the amounts unpaid; that the mortgage was made in good faith without any design to hinder, delay or defraud creditors; that the claim of lien under the attachment was subordinate to the mortgage, and directed a sale of the property described in the mortgage, which included the beans, and the application of the proceeds so far as required to the payment of the judgment and costs.

"It is appellants' contention that the complaint is insufficient in that facts are not stated to entitle plaintiff to any relief, and further that there was a misjoinder of an action to foreclose with an action for conversion of the property mortgaged. With this we do not agree. The complaint sets out such a mortgage as under the laws of this state may be executed and enforced. The default which entitled plaintiff to a decree, and the subordinate character of the claim of the other defendants are made to appear. The mere fact that the

sheriff, in violation of section 2969 of the Civil Code, attempted to levy and remove a part of the property from the premises where it was raised, did not impair plaintiff's right to foreclose. It is true that such wrongful act upon the part of the sheriff would render him liable as in conversion, but plaintiff may, nevertheless, elect to pursue the remedy in equity guaranteed by section 2967 of the Civil Code, when it is made to appear that the judgment and decree of the court in such foreclosure can be carried into effect. There is nothing in the complaint indicating an attempt upon the part of plaintiff to enforce any right against the sheriff for the conversion, nor allegations which would warrant a judgment against him for the value of the property taken. The levy of the writ of attachment, under the circumstances of the case, placed the sheriff and the creditor for whom he was acting in no better position than that which would be occupied by any other trespasser who might surreptitiously remove from the premises a portion of a crop covered by a chattel mortgage. The tortious removal from the premises where raised does not impair the mortgagee's right. (*Chittenden* v. *Pratt,* 89 Cal. 183, [26 Pac. 626].) Proceedings by attachment are statutory and special, and the provisions of the statute must be strictly followed or no rights will be acquired thereunder. (*Gow* v. *Marshall,* 90 Cal. 567, [27 Pac. 422].) The provisions of the statute which require the tender of payment into the hands of the county clerk or treasurer of the amount of the debt secured by chattel mortgage before levy can be made, measures the power of the officer in effecting a legal attachment. When these conditions are not observed, the writ affords no justification and the officer becomes a wrongdoer. Neither the sheriff nor the judgment creditor by such attachment acquired any lien upon the property. Appellants, then, having no lien or legal right to the property in controversy in this proceeding, the action of the court in allowing certain advances to be charged was a matter which did not concern appellants as parties to the proceedings, and of which they cannot be heard to complain upon this appeal.

"It is further urged by appellants that there was a material variance in the proof, in that the note offered in evidence was not the same note set out in the complaint or in the chattel mortgage for the reason that the note offered in evidence bore

the signature of Emelia Lucas, the wife of Frank G. Lucas, in addition to that of the husband. It will be observed, however, that the answer admits the execution of the mortgage as described in said complaint, which mortgage describes the note which the court finds was executed. While it may be true that the wife subsequent to its execution signed the note as surety, such signing would have no effect, there being no pretense of any consideration going to the wife on account of the same; and, in any event, the additional name of the wife on the note after the execution of the mortgage, the alteration not being material, would not affect or impair the lien of the mortgage, nor affect the right of the plaintiff in seeking relief by foreclosure of the mortgage to proceed only against the principal and the property covered by the mortgage.

"The court properly denied the motion for nonsuit and rendered a proper decree in the premises."

Upon application of the appellants an order was made by this court transferring the cause here for determination. The point which we desired to consider further was whether or not a creditor who causes personal property, subject to a valid mortgage, to be attached without compliance with the requirements of section 2969 of the Civil Code, acquires by the levy of the writ a valid lien, subordinate only to the lien of the mortgage. If this question be answered in the affirmative, it is apparent that the appellant Sinsheimer Brothers, as junior lienor, was entitled to have the plaintiff limited to the recovery of such advances as he had made under his mortgage prior to the receipt of actual notice of the vesting of the junior lien. (*Tapia* v. *Demartini*, 77 Cal. 383, 387, [11 Am. St. Rep. 288, 19 Pac. 641].)

Upon fuller consideration, we are satisfied with the opinion of the district court of appeal upon this point, as upon others discussed by it. Section 2968 of the Civil Code provides that "personal property mortgaged may be taken under attachment or execution issued at the suit of a creditor of the mortgagor." The following section, entitled "Limitations on right of levy," provides that "before the property is so taken, the officer must pay or tender to the mortgagee the amount of the mortgage debt and interest, or must deposit the amount thereof with the county clerk or treasurer, payable to the order of the mortgagee." The two sections are obviously to

be read together, and, so read, they provide that the right to attach mortgaged personal property is to be exercised only after compliance with the condition of payment, tender, or deposit of the amount of the mortgage debt. The natural conclusion would seem to be that drawn by the district court of appeal,—namely, that the provisions of the statute requiring tender or payment measure the power of the officer in effecting a legal attachment, and that, without compliance with these requirements, no lien is created by the attempted levy.

To hold that a levy made without first paying or tendering payment of the amount of the mortgage debt creates a valid lien subject to the mortgage debt, necessarily involves the proposition that such levy is a valid and lawful seizure of all the mortgagor's interest in the property. The property would, on this theory, be held by the sheriff, subject to the mortgagee's right to enforce his lien against the attaching creditor and the sheriff, to the same extent as he could have enforced it against the mortgagor. The levy would operate only upon the mortgagor's interest, leaving the rights of the mortgagee unaffected. If the levy of an attachment, such as that in the case at bar, creates a valid lien upon the interest remaining in the mortgagor, it is difficult to see how such levy can constitute any invasion of the mortgagee's rights. It has, however, been held by this court that an attachment so levied is, as against the mortgagee, a conversion of the property upon the part of the sheriff (*Berson* v. *Nunan,* 63 Cal. 550; *Irwin* v. *McDowell,* 91 Cal. 119, [27 Pac. 601]); and this is so, even though the sheriff merely puts a keeper in charge and does not move or otherwise disturb the property. (*Rider* v. *Edgar,* 54 Cal. 127.) These cases, deciding that the levy of the writ confers an immediate right of action upon the mortgagee, necessarily decide that the levy is in itself unlawful. This doctrine cannot be reconciled with the view that such levy is a valid seizure of the interest remaining in the mortgagor or creates any lien whatever.

For these reasons, as well as those stated in the opinion of the district court of appeal, the judgment and order appealed from are affirmed.

Angellotti, J., Shaw, J., Melvin, J., Henshaw, J., and Lorigan, J., concurred.