[Civ. No. 569. Fourth Appellate District.—January 20, 1932.]

ANAHEIM NATIONAL BANK (a Banking Corporation), Appellant, v. MATTHIAS ROLAND KRAEMER, et al., Respondents.

Wm. J. M. Heinz and R. J. Welch, Jr., for Appellant.

C. W. Benshoof for Respondents.

JENNINGS, J.—Plaintiff appeals from an order discharging an attachment in an action on a promissory note executed by defendants.

The notice of motion given by defendants specified that the motion would be made on the grounds that the attachment had been irregularly and improperly issued and levied. ▇ By a motion made in pursuance of such a notice, a defendant whose property has been attached is entitled to question the sufficiency of the affidavit upon which the writ issued. (*Stanford Hotel Co.* v. *Schwind Co.*, 180 Cal. 348 [181 Pac. 780]; *Fairbanks, Morse & Co.* v. *Getchell Co.*, 13 Cal. App. 458 [110 Pac. 331].) ▇ It is well settled that if the court's order can be upheld upon any ground urged an appellate court will not interfere. (*Willett & Burr* v. *Alpert*, 181 Cal. 652, 664 [185 Pac. 976].) ▇ The contention is made that such a ground exists in an alleged defect in the affidavit. That portion of the affidavit material to the present inquiry is in the following language: "That the payment of the same has been secured by a mortgage or lien upon real estate but that the security or lien has become valueless without the act of plaintiff or person to whom security was given." The alleged defect is said to lie in a failure to have negatived the existence of any security other than that specified. Section 538 of the Code of Civil Procedure as it existed at the time the affidavit herein was made, provides that an affidavit for attachment must show that the payment of the indebtedness for which the

action is brought has not been "secured by any mortgage or lien upon real or personal property or any pledge of personal property, or, if originally so secured, that such security has without any act of the plaintiff, or the person to whom the security was given, become valueless". It is urged that where an attaching creditor states that he originally had security for the debt due him in the form of a mortgage or lien upon real estate and that such security has become valueless he must, in order to comply with the requirements of the statute, further specify that he has no additional security, e. g., a mortgage or lien upon personal property or a pledge of personal property. The contention appears to be meritorious. For all that appears in the affidavit under consideration, affiant may have had ample security for the note sued upon, in the shape of a mortgage or lien upon personal property or pledge of personal property in addition to the mortgage or lien upon real estate which he states has become valueless. ▉ Proceedings by attachment are statutory and special, and the provisions of the statute must be strictly followed or no rights will be acquired thereunder. (*Sousa* v. *Lucas,* 156 Cal. 460, 463 [105 Pac. 413]; *Gow* v. *Marshall,* 90 Cal. 565 [27 Pac. 422].) "What the statute requires to be stated in the affidavit must be stated, and *truly* stated *in the affidavit*; and if not stated *in* the affidavit, the attachment should be dissolved, even though the requisite facts, omitted in the affidavit, are alleged in the complaint." (*Fisk* v. *French,* 114 Cal. 400, 403 [46 Pac. 161, 162].) The strictness of compliance with statutory requirements insisted upon by the courts of California in the matter of affidavits for attachment is well illustrated in the case of *Pajaro Valley Bank* v. *Scurich,* 7 Cal. App. 732 [95 Pac. 911, 912], where the action was brought upon a promissory note against several defendants. The affidavit for attachment stated that the attachment was not sought and the action was not prosecuted to hinder, delay or defraud any creditors "of the said defendants". Section 538 of the Code of Civil Procedure requires that the affidavit shall show that "the attachment is not sought, and the action is not prosecuted to hinder, delay, or defraud any creditor of the defendant". The trial court refused to discharge the attachment.

On appeal the order was reversed, the appellate court holding that the affidavit was defective in that it failed to state that the attachment was not sought and the action was not prosecuted to hinder, delay or defraud any creditor of said defendants, or any creditor of either of said defendants. A similar strictness of construction of an affidavit drawn pursuant to section 538 of the Code of Civil Procedure appears in *Peterson* v. *Beggs,* 26 Cal. App. 760 [148 Pac. 541].

We have been cited to no decision in California where the precise question here considered has been determined. Appellant relies upon *Farmers' State Bank of Starr* v. *Gray et al.,* 36 Idaho, 49 [210 Pac. 1006, 1010], in which the Supreme Court of Idaho held that an amended affidavit for attachment which stated that the total security for the note sued upon had without any act of the plaintiff become valueless sufficiently negatived the existence of any security other than that mentioned in the affidavit and complied with the requirements of a statute practically identical with section 538 of the Code of Civil Procedure. But by the use of the word "total" it is obvious, as the court said, that the affidavit negatived the existence of all forms of security mentioned in the statute other than the security mentioned in the affidavit. If, in the affidavit which is under consideration in the instant case, affiant had by appropriate language shown that the mortgage or lien upon real estate was the only security or the total security for the note sued upon the reasoning of the court in the Idaho case would have had direct application. The Idaho court correctly said: "The important fact to be shown by the affidavit is that the plaintiff has no security for his claim." We may go further and say that the necessary fact which must appear is the lack of security and that this must be indicated by language so clear and unambiguous as to leave it free from any doubt.

■ It may be observed that the defect which we here hold to be sufficient to sustain the trial court's order discharging the attachment is a defect which pertains to the form of the averments contained in the affidavit and therefore remediable by amendment. (*Corum* v. *Superior Court,* 114 Cal. App. 741 [300 Pac. 837]; *Hamburger* v. *Halpern,* 28 Cal.

App. 317 [152 Pac. 61].)   However, the record herein fails to disclose any attempt to amend the defective affidavit.

The court's order discharging the attachment is therefore affirmed.

Barnard, P. J., and Marks, J., concurred.