[Civ. No. 7230. Third Dist. Apr. 2, 1946.]

YOSEMITE GROWERS CO-OP ASSOCIATION (a Corporation), Appellant, v. CASE-SWAYNE COMPANY (a Copartnership) et al., Respondents.

C. Ray Robinson, Samuel V. Cornell and Margaret A. Flynn for Appellant.

Johnson, Harmon & Stirrat and Adams & Griswold for Respondents.

THOMPSON, J.—This is an appeal from an order discharging a writ of attachment. The motion was made under section 556 of the Code of Civil Procedure on the ground that the attachment was improperly issued. After written notice of the motion, it was heard and determined upon affidavits filed and with reference to the complaint and the contract attached thereto, marked Exhibit A. The affidavit for attachment was in the usual statutory form pursuant to sections 537 and 538 of the Code of Civil Procedure, except that it did not aver that a lien existed and that it had become valueless through no fault of the plaintiff. It did, however, aver that the suit was brought to recover an indebtedness of $43,399.76, based on an implied contract for the direct payment of money, and that the debt "has not been secured by any mortgage or lien upon real or personal property."

The complaint alleges that said money belonging to plaintiff was procured by the defendants incident to the contract attached thereto, by the terms of which the defendants agreed to pack, can, process and market peaches delivered by plaintiff, and to account to plaintiff for its stipulated share of the fruit and the proceeds of sales, and that said money was wrongfully withheld by the defendants. It is also alleged that 80,200 cases of fruit, out of 82,169 cases of packed peaches, had been sold by the defendants to the United States Government.

Section 10 of the contract provides that "Co-op is at all times to have a lien on all goods in process or finished goods sufficient to protect the interests of the Co-op."

A demurrer to the complaint was sustained on July 25, 1945, with leave to amend the pleading within fifteen days thereafter. The time to amend the complaint had not expired when the order was made to dissolve the attachment.

The notice of motion to dissolve the attachment recites that it was improperly issued because section 10 of the contract provides for a lien in favor of plaintiff upon "all goods," and that the affidavit for attachment failed to aver that the lien became valueless, that paragraph 8 of the contract also provides for the employment of an accountant, as a prerequisite to the maintenance of a suit, in the event of a disagreement between the parties over the proceeds of sales of the

packed fruit, and that the complaint fails to state a cause of action, based upon the contract, for the "direct payment of money." Finally it was asserted the attachment was improperly issued because the complaint alleges an equitable cause of action for an accounting for unliquidated damages arising from a joint venture, and for fraud.

Upon submission of the motion, the trial court made an order, on July 25, 1945, discharging the attachment, on the grounds that "the complaint does not state facts justifying an attachment," and "that the grounds for discharging said attachment as set out in defendants' motion are well taken."

From that order the plaintiff has appealed.

█ A motion to discharge an attachment is in the nature of a plea in abatement. (7 C.J.S. 615, § 434.) It is required to be made on notice of motion. (Code Civ. Proc., § 556.) The motion may be made upon affidavits filed. (Code Civ. Proc., § 557.) █ Upon the hearing of the motion, plaintiff's verified pleading serves as an affidavit. (*San Francisco Iron & Metal Co.* v. *Abraham,* 211 Cal. 552, 554 [296 P. 82]; 7 C.J.S. 622, § 453.) █ In the present case defendants' notice of motion refers to the complaint and asserts that the contract attached to the complaint grants plaintiff a lien on the property sufficient to protect its interest "upon all goods in process or all finished goods." It was therefore proper to consider the complaint, together with the attached contract, to determine whether the attachment was improperly issued.

█ We are of the opinion the gravamen of the cause of action, as disclosed in the complaint, taken as a whole, is a suit for the direct payment of money due to plaintiff from the defendants according to the terms of the written contract to pack, can, process and market peaches, and that defendants acted as the agents for plaintiff. The allegations of fraud and the demand for an accounting are only incident to the chief cause of action. The amount of damages for breach of the contract, and the respective shares of the proceeds of sales are readily determinable from the terms of the contract. The cause appears to be a suit in which an attachment may properly issue. In the case of *Force* v. *Hart,* 205 Cal. 670 [272 P. 583], in which an order refusing to dissolve an attachment was affirmed on appeal, the Supreme Court said:

"It is a well-recognized rule of law in this state that an attachment will lie upon a cause of action for damages for a

breach of contract where the damages are readily ascertainable by reference to the contract and the basis of the computation of damages appears to be reasonable and definite. (*Hale Bros.* v. *Milliken,* 142 Cal. 134 [75 P. 653]; *De Leonis* v. *Etchepare,* 120 Cal. 407, 419 [52 P. 718]; *Hamburger* v. *Halpern,* 28 Cal.App. 317 [152 P. 6]; 3 Cal.Jur., p. 423, and cases cited.) The fact that the damages are unliquidated is not determinative.''

■ It is true that when a complaint is not susceptible of amendment so as to state a valid cause of action, the writ of attachment may be dissolved. (*Hathaway* v. *Davis,* 33 Cal. 161; *Wolford* v. *Neustadter,* 21 Cal.App.2d 417 [69 P. 909].)

■ A motion to dissolve an attachment will not serve as a demurrer where the defects in the allegations of the complaint can be supplied by amendment. (*Force* v. *Hart, supra; Kohler* v. *Agassiz,* 99 Cal. 9 [33 P. 741]; *Redwood Fibre Products Co.* v. *Miller Mfg. Co.,* 61 Cal.App.2d 505, 512 [143 P.2d 389]; 3 Cal.Jur. 541, § 115.) In the Wolford case, *supra,* it is said:

''If on motion for dissolution of attachment upon the ground of the insufficiency of the complaint it appears that the complaint can be made good by amendment, plaintiffs should be allowed to amend.''

In the present case, the plaintiff was granted fifteen days in which to amend its complaint after a demurrer had been sustained thereto. That time for amendment had not expired when the attachment was dissolved. It may not be said, under the complaint in this case, that it is not susceptible of amendment so as to state a valid cause of action warranting the issuance of an attachment, even though the allegations of the original complaint may have been defective.

■ There is no merit in respondents' contention that paragraph 8 of the contract bars the action because it provides for the employment and determination by an accountant of the shares of money or property belonging to the respective parties. That provision is not an agreement to abide by the decision of an accountant as a means of arbitration. It merely states that:

''Should the parties be unable to agree upon any matter *involving the computation or allocation of the costs* under this agreement, then they shall select an accountant to make such determination.'' (Italics added.)

There is no agreement to abide by the accountant's decision.

Moreover, it appears from defendants' affidavit for dissolution of the attachment that an accountant was actually employed and that he rendered a statement of accounts. The counter-affidavit avers that the statement was not accepted by plaintiff because the defendants refused to permit plaintiff to have access to their books, files or records to ascertain the correctness of the stated account. That fact is not denied. We must assume the accountant's statement was rejected through no fault of the plaintiff.

An attachment will not lie in an action which is primarily based on fraud (*Hallidie* v. *Enginger*, 175 Cal. 505 [166 P. 1]), but it may properly issue in a suit which is based on a contract, either express or implied, for the direct payment of an ascertained amount of money. (*Stanford Hotel Co.* v. *M. Schwind Co.*, 180 Cal. 348 [181 P. 780]; Code Civ. Proc., § 357.) The incidental allegations of fraud with relation to the transaction, or for an accounting, will not necessarily defeat the right of attachment. (*Weintraub* v. *Superior Court*, 91 Cal.App. 763 [267 P. 733]; *McCall* v. *Superior Court*, 1 Cal.2d 527 [36 P.2d 642, 95 A.L.R. 1019]; *Karn* v. *Wills*, 50 Cal.App.2d 604 [123 P.2d 640]; *Los Angeles Drug Co.* v. *Superior Court*, 8 Cal.2d 71, 75 [63 P.2d 1124].) The allegations of the complaint in this case, taken as a whole, indicate that defendants handled the fruit in question as the agents of plaintiff, and not as mere joint adventurers. Under such circumstances an attachment may properly issue. (*Oil Well Core Drilling Co.* v. *Barnhart*, 20 Cal.App.2d 677 [67 P.2d 696].)

The important question to be determined on this appeal is whether we are bound by the conclusion of the trial court that the attachment was improperly issued because the affidavit for attachment failed to aver that the lien became valueless through no fault of the plaintiff. We recognize the fact that, in accordance with the allegations of the complaint, the lien may be deemed to have become valueless as security with respect to the large proportion of the property which had been sold by the defendants. It is alleged, as we have previously stated, that the defendants sold, prior to January, 1945, 80,200 cases of peaches out of a total of 82,168 cases. We may assume from that alleged fact that the lien became valueless as security upon all of the canned fruit except about 2,000 cases. The appellant contends that the complaint shows

that the lien became substantially valueless. But section 537 of the Code of Civil Procedure authorizes the issuance of an attachment where a lien actually exists only when it appears that it becomes valueless "without any act of the plaintiff." Section 538 of the same code requires that fact to be averred in the affidavit for attachment.

We are satisfied that the plaintiff, in good faith, averred that the indebtedness "has not been secured by any mortgage or lien," on the theory that most of the fruit had been sold and that the lien was therefore inadequate and substantially valueless. But the fact remains that a lien was originally given and that it still remained effective upon a small portion of the goods.

Section 538 of the same code authorizes the issuance of the writ of attachment only when the affidavit therefor shows "The facts specified in section 537."

In the case of *Fisk* v. *French,* 114 Cal. 400 [46 P. 161], Judge Vancliff, speaking for the court, said:

"I think the court did not err in discharging the attachment. The amendment of the complaint did not supply or cure the defects in the affidavit for the attachment; but, on the contrary, incontestably proved that it was false in the material statement that the payment of the notes had not been secured by any mortgage, lien, or pledge upon personal property, and that it was fatally deficient in that it failed to state that the security became valueless. What the statute requires to be stated in the affidavit must be stated, and *truly* stated, *in the affidavit;* and, if not stated *in* the affidavit, the attachment should be dissolved, even though the requisite facts, omitted in the affidavit, are alleged in the complaint. Complaints on contracts for the direct payment of money generally and necessarily state nearly all the facts required to be stated in an affidavit for attachment in actions on such contracts; yet the statement of such facts in the complaint alone does not satisfy the requirement of the statute that they must be expressly and directly stated in the affidavit for an attachment."

 The writ of attachment is a special statutory remedy to aid the creditor in satisfying the debt, and the statute must be strictly followed to entitle him to its benefits. (*Gow* v. *Marshall,* 90 Cal. 565 [27 P. 422] ; *Clyne* v. *Easton, Eldridge & Co.,* 148 Cal. 287, 293 [83 P. 36, 113 Am.St.Rep. 253].)

It has been held that the affidavit for attachment is

fatally defective unless it complies with the statutory requirements. Under section 537 of the Code of Civil Procedure the right to an attachment, with respect to the existence of a lien to secure the debt, depends upon two different designated classes. First, it must appear that the demand "is not secured by any mortgage, deed of trust or lien upon real or personal property." Second, if originally so secured, it must appear that "such security has, without any act of the plaintiff, . . . become valueless." In 7 Corpus Juris Secundum, page 304, section 129, it is said:

"The affidavit for an attachment must follow the statutory requirement by negativing the existence of all the forms or means of security enumerated by it. Accordingly, where an affidavit alleges only that the debt is not secured by a mortgage, and fails to negative the existence of the other kinds of security, the affidavit is insufficient."

In the text last cited, after mentioning the two classes previously referred to with respect to liens, it is further said:

"The first class is where the debt has not been secured. Under such circumstances the affidavit must state that the payment of the debt has not been secured by any lien on real or personal property or any pledge of personal property. The other class is where the debt has been secured, and *there the affidavit must state the fact that security has been given, and also that such security has, without any act of plaintiff or the person to whom the security was given, become valueless.*" (Italics added.)

 When it appears that a lien had been given, as it does in this case, we are impelled to hold that a strict construction of the statute rendered the attachment voidable for failure to aver that, through no fault of the plaintiff, the lien became valueless.

In the case of *Anaheim National Bank* v. *Kraemer*, 120 Cal. App. 63 [7 P.2d 765], an order discharging an attachment was affirmed. That case presented the issue as to whether an averment in the affidavit for attachment that the payment of the debt "has been secured by a mortgage or lien upon real estate but that the security or lien has become valueless without the act of plaintiff or person to whom security was given," was a sufficient compliance with the statute. The court held that it was insufficient; that the affiant should have also stated

that plaintiff "has no further security." The court said:

"For all that appears in the affidavit under consideration, affiant may have had ample security for the note sued upon, in the shape of a mortgage or lien upon personal property or pledge of personal property in addition to the mortgage or lien upon real estate which he states has become valueless."

In the case of *Bellevue State Bank* v. *Lilya,* 35 Ida. 270 [205 P. 893], an order dissolving an attachment was affirmed, on account of the insufficiency of the affidavit therefor. It averred:

"That the notes . . . were secured by chattel mortgages, but that the security for the same became worthless; . . . and that the payment of the same is not secured by any mortgage, lien or pledge upon real or personal property."

The court held that the statute required the plaintiff to further aver that the chattel mortgage became worthless "without any act of the plaintiff, or the person to whom the security was given."

In the present case for aught that appears the plaintiff may have consented to the sales of canned fruit by the defendants, and thus waived its security. The affidavit for attachment and the showing on the motion fail to negative plaintiff's participation in the acts which rendered the lien valueless in part.

For the reason that it appears plaintiff held a lien which partially secured its debt, and because the affidavit for attachment fails to aver that the lien was originally secured and became valueless without the act of plaintiff, the order dissolving the attachment is affirmed.

Adams, P. J., and Peek, J., concurred.