[Civ. No. 3589. Fourth Dist. Mar. 30, 1948.]

L. E. JUBELT, Appellant, v. GARNETT SKETERS et al., Defendants; LAURENCE B. MYERS, Intervener and Respondent.

Lester N. Gonser for Appellant.

Louis J. Coelho for Intervener and Respondent.

MARKS, J.—This is an appeal by L. E. Jubelt from an order, made on the motion of the intervener, releasing an attachment in an action wherein L. E. Jubelt and Mildred Jubelt, his wife, are plaintiffs, and Garnett Sketers and Grace Sketers, his wife, are defendants. Intervener claims ownership

of the attached property by reason of its transfer to him by defendants.

The complaint filed on September 30, 1946, alleges that plaintiffs were injured in a collision between an automobile in which they were riding and the automobile of defendants, on a public highway in Fresno County, about September 17, 1944; that the Jubelt automobile was the property of L. E. Jubelt and that it was damaged in the sum of $700. The complaint contains several causes of action seeking recovery of damages for their personal injuries and including one by L. E. Jubelt seeking recovery of this $700. It is further alleged that defendants were nonresidents of the State of California and that about three months after the accident they departed from California and ever since have been and are now residents of Gulf Breeze, Florida.

Mr. Jubelt, on September 30, 1946, secured a writ of attachment by reason of the damage to his personal property in the sum of $700. The record discloses that on September 30, 1946, the interest of defendants in Lot 6 in Block 2 of Cedar Park in Fresno County was attached "by filing with the County Recorder of Fresno County, a copy of the writ, together with a description of the property, and a notice that it is attached, and by leaving a similar copy of the writ, description and notice with Harold V. McCulley who resides on the property" and "that under and by virtue of the within writ, by me received on the 30th day of September 1946, I did on the 1st day of October 1946 levy upon and attach all moneys, goods, credits and effects, and all other personal property in the possession of Harold V. McCulley belonging to said defendant, or either of them, by leaving with Harold V. McCulley, personally a copy of said writ, with a notice that such property was attached and levied upon in pursuance of said writ, and not to pay over or deliver the same to anyone but myself. I also demanded a statement in writing of the amount of the same, to which I have received no answer."

The record further shows that in June, 1946, Mr. and Mrs. Sketers sold to Harold V. McCulley and Martha M. McCulley, Lot 6, Block 2 of Cedar Park; that they executed a deed of trust on the property securing the payment of a promissory note in the sum of $5,500, payable to Mr. and Mrs. Sketers or order in instalments; that in the deed of trust Mr. and Mrs. McCulley were trustors, the San Joaquin Title and Abstract Company was trustee and Mr. and Mrs. Sketers were beneficiaries.

The verified complaint in intervention recites that the deed of trust was duly recorded; that on September 10, 1946, the beneficiaries under it made, executed and delivered an assignment of the deed of trust to intervener which assignment was recorded on October 29, 1946, and that concurrently therewith they ''sold and assigned said promissory note to petitioner and Intervenor herein and ever since said assignment, Intervenor has been and now is the owner of said promissory note and the substituted Beneficiary under said Deed of·Trust.''

It is not disputed that Mr. Jubelt was entitled to the issuance of a writ of attachment to secure his claim for damage to his personal property as defendants were not residents of California but were residents of Florida. (Code Civ. Proc., § 537, subd. 3.) The real question presented is the sufficiency of the levy which Jubelt sought to have made.

Subdivision 3 of section 542 of the Code of Civil Procedure provides in effect that personal property, capable of manual delivery, in the possession of the defendant, must be attached by taking it into the possession of the attaching officer. It has been held that a promissory note is personal property capable of manual delivery so that the attaching officer must take it into his possession, when it can be found, in order to make the levy legal. (*Hoxie* v. *Bryant*, 131 Cal. 85 [63 P. 153]; *Gault* v. *Wiens*, 32 Cal.App. 1 [161 P. 996]; *Haulman* v. *Crumal*, 13 Cal.App.2d 612 [57 P.2d 179].) Here the attaching officer did not take the note into his possession.

Plaintiffs seek to escape the effect of this rule by arguing that under the facts of this case the note must be considered personal property not capable of manual delivery. They state in their opening brief, without reference or citation to the record, that ''at the time of the commencement of said action the defendants resided in the State of Florida and had in their possession within said State a certain promissory note, which note was made by Harold V. McCulley and Martha M. McCulley, both of whom were and are residents of the State of California, which note was payable to Garnett Sketers and Grace Sketers, defendants herein.''

They argue that as the note and deed of trust were outside the state it was legally impossible for the officer to take them into his possession so that the debt was subject to garnishment as provided in subdivision 6 of section 542 of the Code of Civil Procedure.

We have found nothing in the record supporting the fore-

going assertion as to the location of the note and deed of trust. As far as we can determine the record is entirely silent on that subject and the documents might have been in the possession of an agent of defendants in Fresno and thus subject to levy by their being taken into possession by the officer.

■ Section 542 of the Code of Civil Procedure was twice amended by the Legislature in 1945. The first amendment in point of time was approved by the governor on April 27, 1945, and was filed with the secretary of state the next day. (Stats. 1945, p. 612.) The second amendment was approved by the governor and filed with the secretary of state on June 9, 1945. (Stats. 1945, p. 1478.) As said in 23 California Jurisprudence, page 684: ''Where a section is amended by two different acts, passed at different times, the last amendment repeals the first and operates as the only amendment to the original action [section].''

■ Subdivision 6 of section 542 of the Code of Civil Procedure, as approved on June 9, 1945, contained the following:

''Debts and credits and other personal property, not capable of manual delivery must be attached by leaving with the persons owing such debts, or having in his possession, or under his control, such credits and other personal property, or with his agent or in the case of a corporation, with the president of the corporation, vice president, secretary, assistant secretary, cashier, or managing agent thereof, a copy of the writ, *together with a copy of the summons and complaint in the action from which the writ issued,* and a notice that the debts owing by him to the defendant, or the credits or other personal property in his possession, or under his control, belonging to the defendant, are attached in pursuance of such writ; . . .'' (Emphasis ours.) This amendment was in effect at the time of the garnishment in this case and there is no claim that a copy of the summons and complaint was served with the garnishment.

It is established that, as attachment proceedings are purely statutory, the provision of the statute must be strictly followed or they cannot be upheld. (*Gow* v. *Marshall,* 90 Cal. 565 [27 P. 422]; *Brun* v. *Evans,* 197 Cal. 439 [241 P. 86]; *Brainard* v. *Rogers,* 74 Cal.App. 247 [239 P. 1095]; *Anaheim National Bank* v. *Kraemer,* 120 Cal.App. 63 [7 P.2d 765].) As they were not followed in this case the order dissolving the attachment cannot be reversed.

Nothing we have said conflicts with the holding in the case of *Puissegur* v. *Yarbrough,* 29 Cal.2d 409 [175 P.2d 830].

There a note was pledged to a bank and a garnishment was served on an officer of the bank but the pledged note was not taken into the possession of the officer. This was held to be in accordance with the procedure laid down for such cases in subdivision 6 of section 542 of the Code of Civil Procedure. This holding is in accordance with the rule that a pledgor's interest in the pledged property can be reached by garnishment, but not by a levy on and, by the taking possession of the pledged property. (*Dubois* v. *Spinks,* 114 Cal. 289 [46 P. 95] ; *Houghton* v. *Pacific S. W. Trust & Savings Bank,* 111 Cal.App. 509 [295 P. 1079].)

The order is affirmed.

Barnard, P. J., and Griffin, J., concurred.