46 Cal.Rptr.3d 348 (2006)
141 Cal.App.4th Supp. 1
Leslie A. GARBER, Plaintiff and Appellant,
v.
Julianne Jones LEVIT et al., Defendants and Respondents.
No. 613808.
Appellate Division, Superior Court, San Francisco County.
June 13, 2006.
*349 Wiegel & Fried and Clifford E. Fried, San Francisco, and John P. Baba, for Plaintiff and Appellant.
Nielsen, Merksamer, Parrinello, Mueller & Naylor and John E. Mueller, Mill Valley, for San Francisco Apartment Association, San Francisco Association of Realtors, and Coalition of Better Housing as Amici Curiae on behalf of Plaintiff and Appellant.
Legal Assistance to the Elderly and Thomas E. Drohan, for Defendants and Respondents.
THE COURT.[*]
Appellant and landlord Leslie A. Garber appeals from the trial court's ruling granting respondent and tenant Julianne Jones Levit's motion to quash service of summons. The underlying residential unlawful detainer action is based on a notice to terminate tenancy under San Francisco Administrative Code chapter 37 (Rent Ordinance), section 37.9 subdivision (a)(8), also known as the "owner-move-in" provision. Appellant contends the trial court erred in granting the motion to quash and holding that section 37.9 subdivision (a)(8) (hereafter section 37.9(a)(8)), as amended by the 1998 Bierman Amendment, requires certain property owners to possess a 50 percent ownership interest in a subject property before evicting a tenant under the owner-move-in provision. Appellant claims that section 37.9(a)(8), as amended by Proposition G (also enacted in 1998), only requires landlords to own a 25 percent ownership interest in a subject property before evicting a tenant under the owner-move-in provision. We find the provisions in Proposition G superseded the Bierman Amendment and reverse the trial court's ruling granting Respondent's motion to quash.

FACTUAL AND PROCEDURAL SUMMARY
The underlying facts alleged in this case are as follows. Appellant recorded a 25 percent interest in 1830 Gough Street, San Francisco, California on September 16, 2004. On January 14, 2005, Appellant served Respondent, a tenant in the building, with a 60-day notice to vacate, citing the owner-move-in provision of section 37.9(a)(8). Respondent failed to vacate the premises. Subsequently, Appellant filed an unlawful detainer complaint on April 4, 2005 and served Respondent.
Respondent moved to quash the service of summons on the ground that the complaint failed to state a cause of action for unlawful detainer under Delta Imports, Inc. v. Municipal Court (1983) 146 Cal.App.3d 1033, 194 Cal.Rptr. 685 (where a complaint for unlawful detainer fails to *350 allege facts sufficient to state a cause of action, the use of a five-day summons is improper and the summons should be quashed). Respondent's motion to quash was based on the fact that Appellant did not possess the minimum percentage of ownership required to effect an owner-move-in eviction under the Bierman Amendment. The trial court granted Respondent's motion to quash on May 3, 2005.
Appellant asks this Court to rule that no municipal ordinance may dictate a minimum percentage of ownership requirement to effect an owner-move-in eviction under constitutional principles. This record, however, does not provide sufficient facts or evidence for the Court to consider whether a municipal ordinance may dictate a minimum percentage of ownership requirement to conduct an owner-move-in eviction.[1] (Cwynar v. City and County of San Francisco (2001) 90 Cal.App.4th 637, 655, 109 Cal.Rptr.2d 233.)
In the alternative, Appellant seeks a determination that Rent Ordinance section 37.9(a)(8) requires a minimum ownership of 25 percent, not 50 percent, for persons acquiring property after February 21, 1991 who want to evict under the owner-move-in provision. Thus, the issue before the court is whether the passage of Proposition G in November 1998, which provides that the minimum percentage of ownership required for landlords acquiring property after February 21, 1991 is 25 percent, superseded the 50 percent ownership requirement for landlords acquiring property after July 1, 1997 found in the Bierman Amendment. The text of Rent Ordinance section 37.9(a)(8) as it is currently published states that the minimum level of ownership for landlords acquiring property after February 21, 1991 is 25 percent.

THE BIERMAN AMENDMENT AND PROPOSITION G
On September 22, 1998, the San Francisco Board of Supervisors (Board of Supervisors) amended the Rent Ordinance by implementing San Francisco Ordinance No. 293-98, otherwise known as the Bierman Amendment. The Bierman Amendment amended Rent Ordinance section 37.9(a)(8), among others. This amendment to section 37.9(a)(8) added an entirely new class of "landlords" who may terminate tenancies for purposes of an owner-move-in. Because of prior amendments to the Rent Ordinance, the percentage of ownership required for landlords to evict under the owner-move-in provision differs depending on the date the owner acquired an interest in the property. Landlords who became owners of record of the rental unit on or before February 21, 1991 require a 10 percent ownership interest. The percentage of ownership interest required for those owners whose interest was recorded after February 21, 1991 is 25 percent. *351 Under the Bierman Amendment, a landlord who becomes an owner of record after July 1, 1997 must have a 50 percent interest in the property in order to terminate a tenancy for an owner-move-in. The mayor signed the amendment on October 2, 1998, and the amendment went into effect on November 1, 1998.
The text of Proposition G was submitted to the San Francisco Registrar of Voters (Registrar of Voters) on June 11, 1998 as required by San Francisco Municipal Elections Code section 300, subdivision (c).[2] Proposition G appeared on the November 3, 1998 ballot, was passed by the voters, and became effective on December 18, 1998. Proposition G also proposed certain amendments to Rent Ordinance section 37.9(a)(8). Because the text of the proposed measure was submitted to the Registrar of Voters in June 1998, however, the text as presented to the voters contained the version of the Rent Ordinance as it existed prior to the passage and implementation of the Bierman Amendment.
Many of the changes proposed by Proposition G to section 37.9(a)(8) were equivalent to those imposed by the Bierman Amendment, and much of the language is identical. For example, both amendments require an owner to live in the unit for three years and both expand the definition of "spouse" to include individuals registered as domestic partners in some instances. Equivalent to the language of the Rent Ordinance before the Bierman Amendment, Proposition G provided that landlords are owners of record of at least 25 percent of the property if they became owners after February 21, 1991. But nowhere in the text of Proposition G was there a new 50 percent ownership requirement for landlords who became owners of record after July 1, 1997.

DISCUSSION
The issue before this court is whether Proposition G superseded the Bierman Amendment in its entirety or whether Proposition G merely amended section 37.9(a)(8) as that section had been amended by the Bierman Amendment prior to Proposition G's enactment. The answer to this question will determine whether owners who acquire an interest in property after July 1, 1997 are required to own a 25 percent interest or a 50 percent interest in the property before they may evict a tenant under the owner-move-in provision.
In unlawful detainer actions, a motion to quash service of process on the ground that the complaint fails to state a cause of action for unlawful detainer tests the sufficiency of the complaint. (Delta Imports, Inc. v. Municipal Court, supra, 146 Cal.App.3d 1033, 194 Cal.Rptr. 685.) In determining whether a complaint states a cause of action as a matter of law, a reviewing court applies a de novo standard of review. (Montclair Parkowners Assn. v. City of Montclair (1999) 76 Cal.App.4th 784, 790, 90 Cal.Rptr.2d 598.) As with an appeal from an order sustaining a demurrer without leave to amend, we give the complaint a reasonable interpretation and treat the motion as admitting all material facts properly pleaded. (Zelig v. County of Los Angeles (2002) 27 Cal.4th 1112, 1126, 119 Cal.Rptr.2d 709, 45 P.3d 1171.)
In analyzing this issue, the timing of the competing amendments to section 37.9(a)(8) is critical to our determination. On June 11, 1998, the text of Proposition G was submitted to the Registrar of Voters; *352 on September 22, 1998 the Board of Supervisors passed the Bierman Amendment. The mayor signed the Bierman Amendment on October 2, 1998, and it became effective on November 1, 1998. The voters adopted Proposition G on November 3, 1998, and it became effective on December 18, 1998. Thus, we are presented with a situation in which the voters placed an initiative on the ballot, but before the vote was held, a legislative body altered the same section addressed in the initiative. Nothing in the Charter of the City and County of San Francisco, nor the San Francisco Municipal Elections Code, nor the California Elections Code explicitly addresses the anomaly presented by the timing of events here.[3] Our analysis leads to the conclusion that Proposition G superseded the Bierman Amendment because both amendments altered the substance and meaning of section 37.9(a)(8), and Proposition G was passed later in time.
When a statute is amended by two different acts, the one passed later in time is the operative law. (Jubelt v. Myers (1948) 84 Cal.App.2d 653, 656, 191 P.2d 460.) Further, where two statutes or provisions conflict and are irreconcilable, the statute enacted last controls. (See People v. Weatherill (1989) 215 Cal.App.3d 1569, 1578, 264 Cal.Rptr. 298 [where two statutes conflict, the statute passed most recently will be deemed to have repealed any contrary provisions in the earlier statute]; Carlton Santee Corp. v. Padre Dam Mun. Water Dist. (1981) 120 Cal.App.3d 14, 29, 174 Cal.Rptr. 413 [when there is an irreconcilable conflict between two statutes, the latter enactment is deemed to have superseded the earlier one].) As discussed below, these authorities apply to the case at hand because Proposition G was passed later in time and because the text contained in the Bierman Amendment and Proposition G is irreconcilable.
"`Where a section is amended by two different acts, passed at different times, the last amendment repeals the first and operates as the only amendment to the original action [section].'" (Jubelt v. Myers, supra, 84 Cal.App.2d 653, 656, 191 P.2d 460.) In this case, the mayor signed the Bierman Amendment on October 2, 1998, and it went into effect on November 1, 1998. Proposition G, adopted by the voters on November 3 and effective on December 18, 1998, was passed later in time, and, under Jubelt, operates as the only amendment to the original Rent Ordinance section 37.9(a)(8).
Moreover, the text of the Bierman Amendment and the text of Proposition G conflict in a way that cannot be reconciled. The Bierman Amendment provides, in relevant part: "For purposes of this Section 37.9(a)(8) only, the term `landlord' shall be defined as an owner of record on or before February 21, 1991 of at least 10 percent interest in the property, an owner of record on or before July 1, 1997 of at least 25 percent interest in the property, or an *353 owner of record after July 1, 1997 of at least 50% interest in the property. For purposes of this Section 37.9(a)(8), `owner of record' shall include the combined interest in the property of two or more owners who intend to reside together in the same unit as their principal place of residence, in good faith and without ulterior reasons, for a period of at least 36 continuous months." (Text of Bierman Amend. in italics.) Therefore, under the Bierman Amendment, the definition of a landlord includes an owner of record after February 21, 1991 and before July 1, 1997 of at least 25 percent interest in the property or an owner of record after July 1, 1997 of at least 50 percent interest in the property.
On the other hand, Proposition G provides, "For purposes of this Section 37.9(a)(8) only, as to landlords who become owners of record of the rental unit on or before February 21, 1991, the term landlord shall be defined as an owner of record of at least 10% interest in the property or, for Section 37.9(a)(8)(i) only, two individuals registered as Domestic Partners as defined in San Francisco Administrative Code Chapter 62.1-62.8 whose combined ownership of record is at least 10 percent. For purposes of this Section 37.9(a)(8) only, as to landlords who become owners of record of the rental unit after February 21, 1991, the term `landlord' shall be defined as an owner of record of at least 25% interest in the property or, for Section 37.9(a)(8)(i) only, two individuals registered as Domestic Partners as defined in San Francisco Administrative Code Chapter 62.1-62.8 whose combined ownership of record is at least 25%." (Text of Prop. G amend. in italics.) Thus, under Proposition G, landlords are persons who record an ownership interest of at least 25 percent after February 21, 1991, or two individuals registered as domestic partners, as defined by the San Francisco Administrative Code, whose combined ownership of record is at least 25 percent.
Because the Bierman Amendment provides that a landlord is defined as an owner of record of at least a 50 percent interest in the property after July 1, 1997, and Proposition G provides that a landlord is a person who owns (or domestic partners who collectively own) a 25 percent interest in the property after February 21, 1991, these two provisions conflict as to the percentage of ownership interest necessary to effect an owner-move-in eviction after July 1, 1997. Respondent contends that there is no conflict because Proposition G is silent as to the percentage of ownership required after July 1, 1997. But, the Bierman Amendment and Proposition G both address minimum ownership percentages and provide different requirements for effecting an owner-move-in eviction. Moreover, both provisions substantially altered, reorganized, and renumbered section 37.9(a)(8). To reach Respondent's position, the court would be required to rewrite section 37.9(a)(8) by incorporating the language of both Proposition G and the Bierman Amendment. We decline to do so. Such action is the province of a legislative body or the voters, not the court.
Because the provisions conflict and are irreconcilable, the one passed later in time controls under the authorities cited above. Accordingly, Proposition G's 25 percent ownership requirement for owners of record acquiring an interest in the property after February 21, 1991 prevails, and the Bierman Amendment's 50 percent ownership requirement for owners of record acquiring an interest in the property after July 1, 1997 is no longer valid. As such, the trial court erred in finding that the Bierman Amendment's 50 percent requirement was valid and Respondent's motion to quash should have been denied.

*354 DISPOSITION
The order granting Respondent's motion to quash is hereby reversed.
NOTES
[*] WICK, P.J; MOSCONE, J.; WISS, J.
[1] In Cwynar the court found that while plaintiffs ultimately may be able to allege a constitutional taking, there were no facts alleged in the complaint supporting such a claim at that time. (Cwynar v. City and County of San Francisco, supra, 90 Cal.App.4th at p. 655, 109 Cal.Rptr.2d 233.). Similarly, the record here, which is comprised primarily of the unlawful detainer complaint, does not provide a sufficient factual record for this court to address whether Appellant's equal protection and substantive due process rights were violated or that the minimum percentage of ownership requirement necessarily constitutes an improper taking. In addition, Appellant contends that the Bierman Amendment's 50 percent ownership requirement violates her due process rights because she relied on the current published 25 percent ownership requirement found in the Rent Ordinance. This court need not address the due process argument because we reverse the trial court's decision and find the percentage of ownership requirement under Section 37.9(a)(8) is 25 percent and not 50 percent.
[2] San Francisco Municipal Elections Code section 300, subdivision (c) provides that measures proposed by initiative petition shall be submitted to the director of elections no fewer than 120 days before the date of the election for which the initiative is intended.
[3] Various state and municipal statutes prohibit a legislative body from changing or amending an ordinance adopted through the initiative process after the ordinance is enacted. (See Cal. Elec.Code § 9217 [providing that no ordinance that is proposed by initiative petition and adopted by the voters shall be repealed or amended except by a vote of the people unless allowed by the original ordinance]; S. F.Muni. Elect. Code § 390 [providing that "no measure approved by the electorate under the provisions of the Charter or this Code shall be subject to veto, amendment or repeal except by vote of the electorate, unless the measure provides otherwise"]; S. F. Charter § 14.101 ["No initiative or declaration of policy approved by the voters shall be subject to veto, or to amendment or repeal except by the voters, unless such initiative or declaration of policy shall otherwise provide"].)