Filed 4/28/15

**CERTIFIED FOR PUBLICATION**

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SAN FRANCISCO**

**APPELLATE DIVISION**

| | |
|---|---|
| JACQUI NAYLOR et al., | ) |
| | ) Case No. CUD-14-650718 |
| Petitioners, | ) |
| v. | ) |
| | ) |
| THE SUPERIOR COURT OF THE CITY | ) |
| AND COUNTY OF SAN FRANCISCO, | ) |
| | ) |
| Respondent; | ) |
| | ) |
| KENNETH HIRSCH, as TRUSTEE, etc., | ) |
| | ) |
| Real Party in Interest. | ) |

**BY THE COURT.**

On January 7, 2015 Petitioners filed a Petition for Writ of Mandate. On February 6, we issued an Order Setting Briefing Schedule. Pursuant to that order, Real Party in Interest ("Hirsch") filed an opposition on February 20 and Petitioners filed their reply, along with a request for judicial notice, on February 27, 2015. After reviewing the evidence, arguments, and applicable law, the petition for writ of mandate is DENIED, as are Petitioners' requests for judicial notice.

Similarly, in a separate, but substantively identical opinion, we deny relief in the separate case related to Petitioners Beverly Upton and David Hill, Court No. CUD-14-650719.

## INTRODUCTION

Petitioners raise two arguments for why the trial court erred by denying their Motion to Quash Service of Summons and First Amended Complaint. Their primary contention is that the court should have granted the motion because Hirsch did not provide Petitioners with proper notice of their re-rental rights under § 37.9A(c) of the San Francisco Rent Ordinance. As described below, we resolve this apparently novel question in favor of Hirsch on the basis that Petitioners ask us to interpret the Rent Ordinance to require an obligation on the part of owners that its language does not support.

As for Petitioners' other argument, we conclude (1) that Hirsch complied with § 37.9A(f)(4)(E)(i) by informing the San Francisco Rent Board that he recognizes the extended termination date claimed by Petitioners and (2) that Hirsch complied with § 37.9A(f)(4)(E)(iii) by notifying the Rent Board that he had extended the termination dates of all of the residential units at the property. Petitioners point to no authority indicating that Hirsch was obligated to do more in order to comply with either of those requirements. We do not address Petitioners' arguments on these points further.

## FACTUAL AND PROCEDURAL BACKGROUND

This unlawful detainer action arises under the auspices of the Ellis Act (Govt. Code §§ 7060, et seq.). Petitioners occupy 194 Gough Street, of which Hirsch is the current owner. Hirsch served the instant Notice of Termination of Tenancy ("Termination Notice") on Petitioners on November 20,

2

2013, the same date Hirsch filed the Notice of Intent to Withdraw Residential Units from the Rental Market ("Notice of Intent") with the San Francisco Rent Board. On November 25, 2013, Hirsch then sent a letter informing Petitioners that he had filed the Notice of Intent with the Rent Board.

The first page of the Termination Notice states that Hirsch shall be "hereinafter referred to as 'Owner'." The Termination Notice then recites, among others, the right of Petitioners to re-rent the property should it be offered for rent or lease in the future by "the Owner." In particular, the Termination Notice states, in pertinent part:

  c.    If the Owner offers your unit for rent or lease in the future, the Owner is obligated to offer the unit to you as follows:

        (1)    […]

        (2)    If your Rental unit is offered for rent or lease within ten (10) years of withdrawal, the Owner shall notify the Rent Board in writing of the intention to re-rent the unit and make an offer to you if you request the offer in writing within thirty (30) days after the Owner has notified the Rent Board of an intention to re-rent your Rental Unit. If the unit is offered for rent or lease more than two years after the date the property was withdrawn from rent or lease, the Owner shall be liable to you for failure to comply with Rent Ordinance Section 37.9A(c)(2), for punitive damages in an amount which does not exceed the contract rent for six months.

All of the recitations of similar re-rental rights in the Termination Notice are phrased in terms of duties on the part of "the Owner" or rights stemming from actions taken by "the Owner." The Termination Notice also refers the reader to "Government Code § 7060, et seq. and Rent Ordinance Sections 37.9(a)(13) and 37.9A(a) – (i) inclusive. Said references are identified herein in furtherance of the obligation to advise you of your rights under the law." The Termination Notice also indicates that the reader may seek relevant advice from the San Francisco Rent Board, providing the Rent Board's mailing address and telephone number.

A subsequent January 17, 2014 letter from Hirsch to the Rent Board indicated that, pursuant to their claims for extensions, Hirsch had extended the "date of withdrawal of the units located at 186-194 Gough Street" until November 20, 2014.

When Petitioners did not vacate by November 20, 2014, Hirsch filed an unlawful detainer complaint on December 2, 2014, seeking to recover possession of Petitioners' unit. Petitioners filed their first Motion to Quash Service of Summons and Complaint on December 8, 2014, but Hirsch filed his First Amended Complaint prior to the hearing on that motion, thereby mooting it.

Petitioners filed their second, and instant, motion to quash on December 15, 2014, alleging the First Amended Complaint "fails to state a cause of action for unlawful detainer and does not support a five-day summons." In particular, Petitioners argued that the Termination Notice was fatally flawed because it did not give them notice of their right to re-rent the property from *any* future owner, not just from Hirsch. As noted above, Petitioners also argued that Hirsch had not notified the Rent Board of whether it had extended the withdrawal dates of any other units at the property.

As to the issue of re-rental rights, Petitioners noted that these rights extend to any owner of the property who seeks to re-rent the premises within the specified time period, pursuant to San Francisco Rent Ordinance § 37.9A(c)(1)-(4). Petitioners relied on § 37.9A(f)(5)(D), under which any owner undertaking an Ellis Act eviction must give notice of these re-rental rights to the tenant within 15 days of filing the Notice of Intent with the Rent Board. Petitioners argued that because the Termination Notice defines Hirsch as "the Owner" and then refers to "the Owner" throughout when discussing re-rental rights, it did not provide notice to them that their right to re-rent the premises is not limited to if Hirsch re-rents the premises, but extends to any future owner, as well. Petitioners asserted that this failure renders the First Amended Complaint fatally defective for failure to comply strictly with unlawful detainer notice procedures.

Hirsch filed a written opposition to the motion. He agreed that Petitioners' re-rental rights under the Rent Ordinance extend to any future owner, but contended that under the plain language of the Rent Ordinance provision, he was not required to give notice to Petitioners of that fact. Quoting the exact language, he noted that § 37.9A(f)(5)(D) states notice must be given of "the tenant's or lessee's right to reoccupancy and to relocation assistance under Subsections 37.9A(c) and (e)." Hirsch

4

argued that when those sections mention reoccupancy rights against "any owner," they are referring only to current owners of the property. He supported this by noting that reoccupancy rights against successor owners are specifically provided for by § 37.9A(g) of the Rent Ordinance, a subsection of which § 37.9A(f)(5)(D) does not require the landlord give notice to the tenant in the Termination Notice. Hirsch argued that Petitioners' reading of "any owner" in § 37.9A(c) would render redundant the entirety of § 37.9A(g). Accordingly, Hirsch argued he was not required to give notice to Petitioners of their rights against successor owners. Alternatively, he argued that even if he was required to give such notice, his Termination Notice complied with the Rent Ordinance because it explicitly referred Petitioners to § 37.9A for more information. Finally, he argued there was no prejudice to Petitioners even if he had erred, and the Notice was substantially compliant with the statue and Rent Ordinance and therefore valid.

In their Reply, Petitioners emphasized that strict compliance with unlawful detainer provisions is required in order to state a cause of action in unlawful detainer; substantial compliance is not enough. Petitioners also argued that their reading of the Rent Ordinance would not render § 37.9A(g) redundant, because some of the other rights under the Rent Ordinance are not applicable to successor owners except through that provision. Petitioners therefore argue that the plain meaning of "any owner" in § 37.9A(c) must mean any owner, present or future, and therefore that Hirsch's notice was defective because it only gave notice as to Hirsch.

Petitioners' motion came on for hearing before the trial court on December 24, 2014. The court rejected Petitioners' arguments and denied the motion to quash. For the reasons below, we conclude that the trial court reasonably construed the Rent Ordinance not to require express notice of a tenant's right to re-rent from successor owners and correctly denied Petitioners' motion.

## STANDARD OF REVIEW

In determining whether an unlawful detainer complaint states a cause of action as a matter of law, a reviewing court applies a *de novo* standard of review. (*Garber v. Levit* (2006) 141 Cal.App.4th

Supp. 1, 5; *Montclair Parkowners Assn. v. City of Montclair* (1999) 76 Cal.App.4th 784, 790.) The parties' conflicting constructions of the applicable portions of the San Francisco Rent Ordinance and relevant statutes present a question of law that we review *de novo*. (*Ailanto Properties, Inc. v. City of Half Moon Bay* (2006) 142 Cal.App.4th 572.)

## DISCUSSION

The complaints and notices in this matter rely on § 37.9A(a)(13) of the San Francisco Rent Ordinance, which applies to owner move-ins where, in relevant part:

> The landlord wishes to withdraw from rent or lease all rental units within any detached physical structure and, in addition, in the case of any detached physical structure containing three or fewer rental units, any other rental units on the same lot, and complies in full with Section 37.9A with respect to each unit;

To comply with the provisions of § 37.9A at issue here, a landlord must comply with § 37.9A(f)(5)(D), which states notice must be given of "[t]he tenant's or lessee's right to reoccupancy and to relocation assistance under Subsections 37.9A(c) and (e)." Subsection (e), relating to relocation costs, is not relevant to this petition.

In turn, § 37.9A(c)(2) states:

> (c) Rights to Re-Rent. Any owner who again offers for rent or lease any unit covered by subsection (a)[1] shall first offer the unit for rent or lease to the tenants or lessees displaced from the unit as follows:

> > (2) [I]f the unit is offered for rent or lease within 10 years of withdrawal, the owner shall notify the Rent Board in writing of the intention to re-rent the unit and make an offer to the tenant or lessee whenever the tenant or lessee requests the offer in writing within 30 days after the owner has notified the City of an intention to re-rent the unit. If the unit is offered for rent or lease more than two years after the date the unit was withdrawn from rent or lease, the owner shall be liable to any tenant or lessee who was displaced for failure to comply with this subsection(c)(2), for punitive damages in an amount which does not exceed the contract rent for six months.

Finally, § 37.9A(g) states: " Successor Owners. The provisions of this Section 37.9A shall apply to the owner of a rental unit at the time displacement of a tenant or tenants is initiated and to any successor in

---

[1] The parties do not dispute that the unit at issue here is covered by subsection (a) of § 37.9A of the San Francisco Rent Ordinance.

interest of the owner, subject to the provisions of Chapter 12.75 of Division 7 of Title 1 of the California Government Code (Sections 7060 et seq.)."

Petitioners also rely on Govt. Code § 7060, et seq., and, in particular, on § 7060.2(b)(3), which reads, in pertinent part, as follows:

> Any owner who offers accommodations again for rent or lease shall first offer the unit for rent or lease to the tenant or lessee displaced from that unit by the withdrawal pursuant to this chapter, if the tenant has advised the owner in writing within 30 days of the displacement of his or her desire to consider an offer to renew the tenancy and has furnished the owner with an address to which that offer is to be directed. That tenant, lessee, or former tenant or lessee may advise the owner at any time during the eligibility of a change of address to which an offer is to be directed.

> If the owner again offers the accommodations for rent or lease pursuant to this subdivision, and the tenant or lessee has advised the owner pursuant to this subdivision of a desire to consider an offer to renew the tenancy, then the owner shall offer to reinstitute a rental agreement or lease on terms permitted by law to that displaced tenant or lessee.

(Gov. Code § 7060.2(b)(3).)  Subdivision (c) of the same section reads:

> A public entity which has acted pursuant to this section, may require by statute or ordinance, or by regulation as specified in Section 7060.5, that an owner who offers accommodations again for rent or lease within a period not exceeding 10 years from the date on which they are withdrawn, and which are subject to this subdivision, shall first offer the unit to the tenant or lessee displaced from that unit by the withdrawal, if that tenant or lessee requests the offer in writing within 30 days after the owner has notified the public entity of an intention to offer the accommodations again for residential rent or lease pursuant to a requirement adopted by the public entity under subdivision (c) of Section 7060.4. The owner of the accommodations shall be liable to any tenant or lessee who was displaced by that action for failure to comply with this paragraph, for punitive damages in an amount which does not exceed the contract rent for six months.

(Gov. Code § 7060.2(c).)

Relying on these provisions, Petitioners and Hirsch reiterate for us the arguments they raised below.  The nature of the dispute is thus quite focused.  The parties agree that under § 37.9A(f)(5)(D) the required notice is as to rights under subdivisions (c) and (e) only.  The parties further agree that tenants do, in fact, have re-rental rights against successor owners, as well.  The primary point of the dispute is whether the Termination Notice here was required to, and did, give Petitioners notice as to their re-rental rights as to successor owners.  Specifically, the parties dispute whether a clear notice as

7

to re-rental rights against current owners, coupled with an instruction to seek more information by reading the relevant portions of the Rent Ordinance itself, properly apprises tenants of their rights under § 37.9A(c), which refers to "any owner who again offers for rent or lease any unit" covered by the ordinance.

Having considered these arguments and the statutory scheme, we agree with the reading of the Rent Ordinance proposed by Hirsch and embraced by the trial court. As did the trial court, we rely primarily on the plain language of the relevant provisions of the Rent Ordinance. The drafters of § 37.9A(f)(5)(D) of the Rent Ordinance could have expressly required, but did not require, notification of a tenant's rights as to successor owners under subsection 37.9A(g). Further, it makes sense to require that the present owner give notice as to his or her own future obligations, but to separate out the putative obligations of a possible, hypothetical future owner. It is the present landlord whose rights are restricted under subsection (a), so it makes sense that the "any owner" referred to in subsection (c) is any of those covered by the preceding subsections and that the future owners are then included by subsection (g). The requirement of § 37.9A(f)(5)(D) to give notice of "the tenant's or lessee's right to reoccupancy" does not say "all possible nuances that might arise under possible future factual scenarios with respect to right to reoccupancy." While the notice provisions must be strictly complied with, we are not required to stretch their language to include a notice provision not expressly stated. Petitioners' reliance on Govt. Code § 7060.2 does not change our analysis, because that provision only authorizes the local government to require notice; it does not require any such notice itself. If San Francisco wishes to make notice as to future owners' obligations mandatory, the local government is free to add that requirement to the Rent Ordinance. Finally, given the hypothetical, contingent nature of the issue of a future owner's obligations ever coming into play, the Termination Notice here did not unreasonably or unfairly address that subject by referral to the relevant text of the Rent Ordinance. Therefore, the record reflects that Hirsch satisfied his obligations to give notice of Petitioners' re-rental rights under the Rent Ordinance as currently drafted.

8

## DISPOSITION

For these reasons, the petition for writ of mandate is denied.

IT IS SO ORDERED.

DATE: April 28, 2015

_____
Peter J. Busch, Presiding Judge


_____
Loretta M. Giorgi, Associate Judge


_____
Garrett L. Wong, Associate Judge

Trial Judge:               Honorable Richard B. Ulmer, Jr.

Counsel on Appeal:      Stephen L. Collier, Esq. and Matt McFarland, Esq., of Tenderloin Housing Clinic, for Petitioners.

Paul F. Utrecht, Esq. and Patrick J. Connelly, Esq., of Utrecht & Lenvin, LLP, for Real Party in Interest.