Filed 12/15/15  Globus Su v. Eau Zone Huiles & Fragrances CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| GLOBUS SU, | B261434 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC551460) |
| v. | |
| EAU ZONE HUILES & FRAGRANCES LTEE, | |
| Defendant and Respondent. | |

APPEAL from an order and judgment of the Superior Court of Los Angeles County.  John L. Segal, Judge.  Reversed.

Ilson W. New for Plaintiff and Appellant.

The Burbank Firm and James G. Morris for Defendant and Respondent.

_____

Plaintiff and appellant Globus Su (plaintiff) challenges a trial court's order granting the motion to dismiss brought by defendant and respondent Eau Zone Huiles & Fragrances Ltee (defendant) pursuant to the parties' contractual forum selection clause. In light of plaintiff's filing of a first amended complaint (FAC) before the hearing on the motion to dismiss, we reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 11, 2014, plaintiff filed the underlying action against defendant. Defendant specially appeared and filed a motion to dismiss the action on the grounds that California was an improper forum. Specifically, plaintiff and defendant are parties to a contract with a forum selection clause, which provides that Quebec, Canada shall be the forum for all disputes. Plaintiff did not oppose the motion. Instead, on December 17, 2014, the day before defendant's motion was heard, plaintiff filed the FAC.

On December 18, 2014, the trial court granted defendant's motion.

Plaintiff's timely appeal ensued.

## DISCUSSION

Plaintiff raises one argument on appeal. It argues that the filing of the FAC mooted defendant's motion to quash. According to plaintiff, once the FAC was filed, the trial court should have taken defendant's motion off calendar; after all, it was error to dismiss the action based upon a pleading (the original complaint) that no longer existed.

We agree. "'"It is well established that an amendatory pleading supersedes the original one, which ceases to perform any function as a pleading."'" [Citations.] Thus, an amended complaint supersedes all prior complaints. [Citations.] The amended complaint furnishes the sole basis for the cause of action, and the original complaint ceases to have any effect either as a pleading or as a basis for judgment. [Citation.]" (*State Compensation Ins. Fund v. Superior Court* (2010) 184 Cal.App.4th 1124, 1130–1131.)

Plaintiff timely and properly filed an amended pleading. (Code Civ. Proc., § 472 ["Any pleading may be amended once by the party of course, and without costs, at any time before the answer or demurrer is filed"].) Once plaintiff filed the FAC, it became the operative pleading in this action. Defendant's motion to dismiss should have been

2

taken off calendar. (*People ex rel. Strathmann v. Acacia Research Corp.* (2012) 210 Cal.App.4th 487, 505–506 [when plaintiff filed an amended complaint, defendant's demurrer to the original complaint should have been taken off calendar as moot]; see also *Naylor v. Superior Court* (2015) 236 Cal.App.4th Supp. 1, 4 [noting that a defendant's motion to quash service of summons and complaint became moot because the plaintiff filed a first amended complaint prior to the hearing on that motion].)

In urging us to affirm, defendant directs us to legal authority and evidence in support of its motion to dismiss. Nothing prevents defendant from raising this legal authority and evidence, as well as any discrepancies between the original complaint and the FAC, in a renewed motion to dismiss directed at the FAC in the trial court.

## DISPOSITION

The judgment is reversed. Parties to bear their own costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, Acting P. J.
             ASHMANN-GERST


We concur:


_____, J.
      CHAVEZ


_____, J.
      HOFFSTADT


3